# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISIOIN

| | | |
|---|---|---|
| **JOHN WALDRON** | : | Case No.: |
| 8853 Birgham Ct. N. | : | |
| **Dublin, OH 43017** | : | Judge: |
| | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT** |
| | : | **JURY DEMAND ENDORSED** |
| v. | : | **HEREON** |
| | : | |
| **CHRIS BROWN** | : | |
| **Attn: David Weise** | : | |
| **CBE Touring, LLC** | : | |
| **16000 Ventura Blvd #600** | : | |
| **Encino, CA 91436** | : | |
| | : | |
| and | : | |
| | : | |
| **CBE TOURING, LLC** | : | |
| **c/o ERESIDENTAGENT, INC.** | : | |
| **Statutory Agent** | : | |
| **1013 Centre Road, Suite 403S** | : | |
| **Wilmington, Delaware 19805** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Now comes Plaintiff John Waldron ("Plaintiff" or "Mr. Waldron"), by and through undersigned counsel, and for his Complaint against Defendants Chris Brown ("Mr. Brown") and CBE Touring, LLC ("CBE Touring") hereby states and avers as follows:

## PARTIES AND JURISDICTION

1. At all times relevant herein, Plaintiff John Waldron was a citizen of the City of Dublin, Delaware County, Ohio.

2. At all times relevant herein, Defendant Chris Brown was a citizen of the State of California.

3. At all times relevant herein, Defendant CBE Touring, LLC was a limited liability

1

company duly formed in the State of Delaware with its principal place of business in the city of West Hollywood, California.

4. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendants pursuant to Ohio Revised Code §2307.382 because the Defendants solicited and received money by wire transfer from Mr. Waldron through his bank account in the State of Ohio, thereby establishing the Defendants' minimum contacts with the State of Ohio.

## COMMON FACTUAL ALLEGATIONS

6. Defendant Chris Brown agreed to give a live performance in connection with an event known as "The One Night Only Tour" (the "Event") to be held on March 19, 2022 at the Toyota Center in Houston, Texas.

7. The Event was set up by Charles A. Warren ("Mr. Warren") and Cecile Bailey ("Ms. Bailey"), who were promoters working for DML Real Estate—the organization that organized the Event. Mr. Brown contracted with DML Real Estate to receive a fee for his appearance and performance at the Event of $1,000,000. Plaintiff John Waldron was not a party to the contract.

8. On March 15, 2022, Mr. Waldron sent Mr. Brown $500,000.00 by wire transfer, which represented one-half of Mr. Brown's fee to appear and to perform at the Event.[1] The Defendants understood and agreed that Mr. Waldron was going to pay the $500,000 because both CBE Touring, LLC and Mr. Brown, either directly or

---

[1] Exhibit A – Authorized Transfer of Funds

through agents and/or representatives, regularly and consistently solicited Mr. Waldron for the money on and before March 15, 2022.

9. On the day of the Event, March 19, 2022, Mr. Brown did not appear or perform at the Event.

10. Even though Mr. Brown did not appear or perform at the Event, he and CBE Touring, LLC have refused to return the $500,000 to Mr. Waldron and have retained custody and control over the funds designated as payment of one-half the appearance and performance fee to Mr. Brown.

## COUNT ONE: QUANTUM MERUIT/UNJUST ENRICHMENT

11. Plaintiff John Waldron incorporates by reference and makes a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

12. The Defendants knowingly received a $500,000 wire transfer from Mr. Waldron on March 15, 2022 as payment of one-half the fee for Mr. Brown to appear and to perform at the Event.

13. The Defendants have retained the $500,000 under circumstances that would be unjust for them to do so.

14. Principles of equity require the Defendants to return the $500,000 to Mr. Waldron.

15. The Defendants are liable, jointly and severally, to Plaintiff John Waldron under the doctrines of *quantum meruit* and/or unjust enrichment in the amount $500,000.

## COUNT TWO: PROMISSORY ESTOPPEL

16. Plaintiff John Waldron incorporates by reference and makes a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

17. Mr. Brown and CBE Touring clearly and unambiguously promised Mr. Waldron that Mr. Brown would appear and perform at the Event on March 19, 2022 if Mr. Waldron paid the $500,000 towards the appearance and performance fee by March 15, 2022.

18. Mr. Waldron reasonably relied upon the promises of Mr. Brown and CBE Touring to his detriment by wire transferring $500,000 to them on March 15, 2022.

19. Mr. Waldron's reliance was reasonable and foreseeable given that Mr. Brown and CBE Touring regularly and consistently solicited the $500,000 payment from Mr. Waldron prior to March 15, 2022.

20. Mr. Waldron has suffered damages in the amount of $500,000 as the direct and proximate result of his reasonable reliance on the Defendants' promises to appear and to perform at the Event.

21. Mr. Brown and CBE Touring are liable to Mr. Waldron under the doctrine of *promissory estoppel* in the amount of $500,000.

## COUNT THREE: FRAUD

22. Plaintiff John Waldron incorporates by reference and makes a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

23. The Defendants misrepresented to Mr. Waldron that Mr. Brown would appear and perform at the Event if Mr. Waldron paid the $500,000 portion of the appearance and performance fee by March 15, 2022.  In reality, Mr. Brown had no intention of appearing or performing at the Event.  Instead, Mr. Brown had already decided not to appear and perform at the Event by March 15, 2022 because of another contract he had with another promoter, and his agents, including CBE Touring, were already preparing a termination letter to send to DML Real Estate to cancel the Event.

24. The misrepresentations made by the Defendants were material to the actions and decisions of Mr. Waldron to pay Mr. Brown one-half of his performance fee by wiring him $500,000.00 on March 15, 2022.

25. The Defendants' misrepresentations were made with knowledge of their falsity, and the Defendants intended to mislead Mr. Waldron into relying on those representations in order to receive $500,000.

26. Mr. Waldron reasonably and justifiably relied upon the Defendants' misrepresentations.

27. As a direct and proximate result of the Defendants' misrepresentations, Mr. Waldron has suffered damages in the amount of $500,000.

28. Because the Defendants' fraudulent acts were made with malice or wanton disregard of the legal rights of others, Mr. Waldron is also entitled to recover punitive damages from the Defendants in an amount to be determined at trial.

## COUNT FOUR: CONVERSION

29. Plaintiff John Waldron incorporates by reference and makes a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

30. Plaintiff John Waldron is the owner and has the right to possess the $500,000 in funds designated as one-half of the appearance and performance fee paid to Chris Brown on March 15, 2022 for the Event because Mr. Brown did not appear or perform on March 19, 2022.

31. Mr. Waldron demanded the return of the $500,000 in designated funds when Mr. Brown did not appear and perform at the Event, and the Defendants unlawfully refused to return the $500,000 even though Mr. Waldron is the rightful and lawful owner of those designated funds.

32. As a direct and proximate result of the Defendants' conversion of the $500,000 in designated funds, Plaintiff John Waldron has suffered damages in the amount of $500,000.

33. Because the Defendants' acts of conversion were made with malice or wanton disregard of the legal rights of others, Mr. Waldron is also entitled to recover punitive damages from the Defendants in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Waldron hereby requests that this Court enter an Order, granting him the following relief:

a. A Judgement in favor of Plaintiff John Waldron and against Defendant Chris Brown and Defendant CBE Touring, LLC, jointly and severally, on all of Plaintiff John Waldron's claims;

b. As to Count One and Count Two of the Complaint, require Defendant Chris Brown and/or Defendant CBE Touring, LLC to disgorge the $500,000 to Plaintiff John Waldron;

c. As to Count Three and Count Four, award compensatory damages in the amount of $500,000, jointly and severally, and punitive damages in an amount to be determined at trial as a result of the Defendants' willful and malicious, fraudulent and tortious misconduct;

d. Award to Plaintiff John Waldron his costs and attorneys' fees as a result of the Defendants' wanton, willful, and malicious misconduct;

e. Award to Plaintiff John Waldron prejudgment and post-judgment interest at the legal rate; and

f. Award to Plaintiff all such other relief as the Court may deem just and

proper.

        Respectfully submitted,

        LUPER, NEIDENTHAL & LOGAN

        /s:/ Christopher R. Pettit_____
        Christopher R. Pettit (0069926)
        1160 Dublin Road, Suite 400
        Columbus, Ohio 43215
        Tel.: (614) 229-4407
        Fax: (866) 345-4948
        Email: cpettit@lnlattorneys.com

        THE FOX LAW FIRM, LLC

        /s:/ Justin Fox_____
        Justin Fox (0090599)
        620 East Broad Street, Suite 200
        Columbus, OH 43215
        Phone: (614) 407-8998
        Fax: (614) 573-7446
        Email: jfox@columbusattorney.net

        Attorneys for Plaintiff John Waldron

## **JURY DEMAND**

Plaintiff demands a jury of eight persons to hear the within cause.

        /s:/ Christopher R. Pettit_____
        Christopher R. Pettit (0069926)

        Attorney for Plaintiff John Waldron