**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN WALDRON,**

       **Plaintiff,**

                          **Case No. 2:22-cv-3556**

**v.**                              **Judge Edmund A. Sargus, Jr.**

                              **Magistrate Judge Elizabeth P. Deavers**

**CHRIS BROWN,** *et al.,*

       **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on the Motion to Stay Discovery (ECF No. 32) filed by Defendants Chris Brown and CBE Touring, LLC (collectively, "Defendants"), Plaintiff John Waldron's Response (ECF No. 34), and Defendants' Reply (ECF No. 35).  Plaintiff agreed to delay discovery pending resolution of this motion and the Court entered a temporary stay of discovery following a status conference held on February 23, 2023.  For the following reasons, Defendants' Motion to Stay Discovery is **GRANTED** and the temporary stay of discovery is **EXTENDED until September 30, 2023,** or until the motions to dismiss are resolved, whichever is earlier.

**I.**

Plaintiff filed this action on October 3, 2022, (Complaint, ECF No. 1), alleging the following.  Defendant Chris Brown agreed to give a live performance on March 19, 2022, at the Toyota Center in Houston, Texas in connection with an event known as "The One Night Only Tour" (the "Event").  (*Id*. at ⁋ 6.)  DML Real Estate, through two promoters, organized the Event.  (*Id*. at ⁋ 7.)  Mr. Brown contracted with DML Real Estate to receive a $1,000,000.00

1

appearance and performance fee. (*Id.*)  Plaintiff John Waldron was not a party to that contract. (*Id.*)  Nevertheless, on March 15, 2022, Mr. Waldron sent Mr. Brown $500,000.00 by wire transfer, which represented one-half of Mr. Brown's fee to appear and to perform at the Event. (*Id*. at ⁋ 8.) The Defendants understood and agreed that Plaintiff would pay the $500,000.00 because Defendants, "either directly or through agents and/or representatives, regularly and consistently solicited Mr. Waldron for the money on and before March 15, 2022." (*Id*.) Ultimately, Mr. Brown did not appear or perform at the Event. (*Id.* at ⁋ 9.)  Despite Mr. Brown's failure to appear, Defendants "have refused to return the $500,000 to Plaintiff and have retained custody and control over the funds designated as payment of one-half the appearance and performance fee to Mr. Brown." (*Id*. at ⁋ 10.)  Plaintiff brings claims for Quantum Meruit/Unjust Enrichment, Promissory Estoppel, Fraud, and Conversion.

   In their current motion, Defendants assert that a stay of discovery is necessary because they have moved to dismiss raising threshold, legal questions about (a) whether this action should be dismissed or stayed under the *Colorado River* doctrine pending resolution of  an action filed against DML Real Estate in Texas **or** transferred to New York under the terms of a forum selection clause contained in the performance agreement , (b) whether DML Real Estate must be joined as a necessary, indispensable party, and (c) whether Plaintiff has stated a cognizable cause of action.  Moreover, Defendants argue, even a decision short of dismissal would clarify the claims and defenses at issue and determine the scope of discovery.

   Beyond this, Defendants argue that discovery will not alter the outcome of these motions to dismiss.  Additionally, Defendants contend that, given the surrounding circumstances, discovery would be complicated, burdensome, and expensive.  Finally, Defendants argue that Plaintiff will suffer no prejudice if discovery is stayed.  In fact, Defendants explain that, under a

continued stay, Plaintiff will be spared responding to their own discovery which, as they describe it, will be designed to "fully explore the universe of any potential claim." (ECF No. 32 at 15.) In Defendants' view, a stay of discovery will delay or perhaps eliminate their need to request production of every single text message, email, letter, and any other communication for nearly a one-year period that in any way involved Plaintiff." (*Id*.)

For his part, Plaintiff asserts that Defendants' motions to dismiss are merely the garden variety sort which this Court generally finds to be insufficient to support a discovery stay. Further, he contends that he will be placed at a tactical disadvantage if discovery is delayed. Finally, he argues that a stay will neither simplify the issues nor reduce any litigation burden because his claims will proceed either in this court or a court in Texas or New York.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of

showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "At bottom, 'a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.'" *Anderson v. Catalina Structured Funding, Inc.,* No. 1:21-CV-197, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021)

4

(quoting *Romar Sales Corp. v. Seddon*, No. 1:12-cv-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013)).

### III.

Applying the above factors, the Court concludes that, under the unique circumstances surrounding this case, it is a better exercise of its broad discretion to extend the temporary stay of discovery previously entered. Admittedly, this Court repeatedly has held that a garden-variety motion to dismiss under Rule 12(b)(6) ordinarily is insufficient to warrant a stay of discovery. The Court considers each case on its own merit, however, and Defendants' motions to dismiss in the context of the surrounding circumstances, raise issues beyond the typical. That is, while the resolution of the pending dispositive motions could dispose of this action, even short of that, the resolution would clarify the issues presented, including necessary parties and proper venue. Thus, from a pragmatic perspective, an additional short extension of the temporary stay pending such resolution could preserve both judicial and counsel's resources.

Moreover, the Court cannot perceive how Plaintiff will be unduly prejudiced or tactically disadvantaged by a short extension of the stay designed to simplify the discovery process. The Court recognizes that Plaintiff argues both points in opposing a stay. His objections, however, are largely conclusory and therefore ring hollow. For example, he argues that Defendants "raise a number of factual arguments in an effort to obtain dismissal." (ECF No. 34 at 10.) Nevertheless, he does not suggest that he lacks the information necessary to properly respond to the motions to dismiss. Indeed, he filed his response to those motions prior to Defendants' having filed their motion to stay. (*See* ECF No. 30 filed February 13, 2023.) Further, Plaintiff does not describe with any specificity the nature of any claimed tactical disadvantage. Notably, he does not assert any change in the status quo.

With respect to the remaining factors, as Plaintiff acknowledges, this case is "relatively early in the litigation process." (ECF No. 34 at 10.)   Indeed, in light of the pending dispositive motions and the agreed stay of discovery, a case schedule is yet to be set.  Thus, this case remains in its initial stages.  Finally, Plaintiff asserts that discovery should proceed because it will occur at some point.  To the extent that this may turn out to be true, that single factor, standing alone, is an insufficient basis for denying a stay when weighed against all the other factors present in this case.  Moreover, as discussed, any potential discovery will be undertaken with a clarified scope thereby conserving both judicial and the parties' resources.

**IV.**

For the foregoing reasons, the Court finds that Defendants have carried their burden to show that a stay of discovery is warranted under the particular and limited circumstances presented by this case.  The Court, therefore, exercises its broad discretion to extend the temporary stay of discovery previously entered.  Accordingly, the Motion to Stay Discovery is **GRANTED**.  (ECF No. 32.)  The temporary stay is extended until **SEPTEMBER 30, 2023,** or until the motions to dismiss are resolved, whichever is earlier.

**IT IS SO ORDERED.**

Date:  June 26, 2023                                    _____ /s/ *Elizabeth A. Preston Deavers* _____
                                                                        ELIZABETH A. PRESTON DEAVERS
                                                                        UNITED STATES MAGISTRATE JUDGE

6