UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WALDRON,

      **Plaintiff,**

  v.                              Case No. 2:22-cv-3556
                                     Judge Edmund A. Sargus, Jr.
CHRIS BROWN, *et al.*,           Magistrate Judge Elizabeth P. Deavers

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff John Waldron's Motion to Set Status Conference. (Mot., ECF No. 80.) In its September 11, 2024 Opinion and Order, this Court stayed all litigation in this matter for six months due to related litigation pending in other courts. (Opinion and Order, ECF No. 76, PageID 995.) That stay expired on March 11, 2025. That same day, Mr. Waldron moved the Court to set a status conference regarding whether a new stay should be granted and to discuss recent developments in the related cases. (Mot., PageID 1055.) He did not take a position on whether the Court should issue another stay. (*See id.*)

Defendants Chris Brown and CBE Touring, LLC (together, "Mr. Brown") filed a Response to the Motion. (Resp., ECF No. 81.) Although Mr. Brown does not oppose a status conference, he urges the Court to issue another stay and states that a status conference is unnecessary. (*Id.* PageID 1065.) The Court thus construes the Response as a motion to stay all litigation. Mr. Waldron filed a Reply and argues that "extending the stay would unnecessarily impede the progress of this case[.]" (Reply, ECF No. 83.) Defendant DML Real Estate Investors and Construction, LLC did not respond to the Motion.

"In determining whether to grant a motion for a stay, a court may consider (1) the potentiality of another case having a dispositive effect on the case to be stayed, (2) the judicial economy to be saved by waiting on a dispositive decision, (3) the public welfare, and (4) the hardship/prejudice to the party opposing the stay, given its duration." *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931 (N.D. Ohio 2021) (Carr, J.) (quotation and citation omitted) (cleaned up).

The Court finds that these factors weigh in favor of extending the stay of all litigation. As this Court previously stated, this case and the Texas case, *7 Kings 1 Ltd. Liab. Co. v. DML Real Estate Invs. and Constr., LLC, et al.*, Case No. 202250234 (Tex. 11th Dist. Ct. Mar. 20, 2025), "concern the same concert, will involve the same defenses, and DML and [Mr. Waldron] seek to recover the same $500,000 in each case." (Opinion and Order, PageID 994.) Those circumstances have not changed. According to the Texas court's docket, trial in that case has been rescheduled for September 15, 2025.[1] *7 Kings 1 Ltd. Liab. Co.*, Case No. 202250234, Order Resetting Trial (Mar. 20, 2025). Additionally, mediation in the Texas case is "imminent." (Resp., PageID 1066.) Accordingly, the Texas case is set to resolve, either through mediation or trial, before this case would go to trial in this Court. The Texas court's decisions and the outcome of the trial there will affect how Mr. Waldron will need to pursue further relief.

Furthermore, Mr. Waldron has already obtained a judgment against two persons in Ohio state court for the same $500,000 at issue in this case. (Opinion and Order, PageID 970–71, 994.) The Court seeks to avoid further piecemeal litigation, duplicative litigation, and the risk for

---

[1] Mr. Waldron states that on March 20, 2025, the court in the Texas case delayed trial until November 15, 2025, rather than September 15, 2025. (Reply, PageID 1085.) But the Texas court's March 20 order sets the trial date as September 15, 2025, and the Texas court's docket currently shows that trial date.

inconsistent judgments between the Texas case, the Ohio state court case, and this case.

For all these reasons, the Court **GRANTS** Mr. Brown's Motion to Stay All Litigation. (ECF No. 81.) The Court **DENIES as moot** Plaintiff's Motion to Set Status Conference. (ECF No. 80.) All litigation in this case is **STAYED until October 1, 2025**. The Parties are **ORDERED** to jointly file notice with this Court **on or before October 1, 2025** updating the Court of the status of the Texas case and other related matters. Any party may, at any point, move the Court to lift the stay for good cause.

This case remains open but stayed.

**IT IS SO ORDERED.**

| | |
|---|---|
| **4/3/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |